1  TAMMY B. WEBB (SBN 227593)
   tbwebb@shb.com
2  **SHOOK, HARDY & BACON L.L.P.**
   555 Mission St., Suite 2300
3  San Francisco, CA 94105
4  Tel: 415.544.1900 | Fax: 415.391.0281

5
   THOMAS V. WYNSMA (SBN 293713)
6  twynsma@shb.com
   **SHOOK, HARDY & BACON L.L.P.**
7  5 Park Plaza, Suite 1600
8  Irvine, CA 92614-2546
   Tel: 949.475.1500 | Fax: 949.475.0016
9

10 Attorneys for Defendant
   INDOCHINO APPAREL (US) INC.
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REBECCA CASTILLO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INDOCHINO APPAREL (US) INC., a Delaware corporation; and DOES 1–10, Inclusive,<br><br>Defendants. | CASE NO: 2:23-cv-07206 AB(CJx)<br><br>**DEFENDANT INDOCHINO APPAREL (US) INC.'S REPLY TO PLAINTIFF'S SECOND OPPOSITION TO MOTION TO DISMISS FILED ON SEPTEMBER 15, 2023**<br><br>Date: October 6, 2023<br>Time: 1:30 p.m.<br>Dept.: Courtroom 7B<br>Judge: Hon. Andre Birotte, Jr. |

Defendant INDOCHINO APPAREL (US) INC. (Indochino) hereby submits its reply to Plaintiff Rebecca Castillo's second opposition to Indochino's Motion to Dismiss, filed on September 15, 2023.

-1-

# I. INTRODUCTION

Indochino respectfully requests the Court grant its Motion to Dismiss because Plaintiff's claims are moot given the Consent Decree entered against Indochino requiring it to make its website accessible to visually impaired individuals by implementing the same web accessibility standard that Plaintiff seeks in this action.

Further, the doctrine of collateral estoppel precludes Plaintiff from relitigating an issue that has already been resolved by the Consent Decree entered against Indochino. Both actions were brought by "civil rights advocates" who test or visit "places of public accommodation to determine their compliance with the ADA." Both actions also involved identical issues: the plaintiffs alleged that they were unable to access certain parts of Indochino's website with screen reading software used by individuals with visual impairments. These issues were resolved by the Consent Decree entered against Indochino. Thus, Plaintiff's claims in this action are barred.

Indochino respectfully requests the Court decline to consider Plaintiff's second opposition brief filed on September 15 [Document No. 17] because Plaintiff previously filed an opposition to the Motion to Dismiss on September 8, 2023 [Document No. 9]. Plaintiff does not get two bites at the apple.

# II. THE COURT SHOULD DECLINE TO CONSIDER PLAINTIFF'S SECOND OPPOSITION BRIEF

Indochino respectfully requests the Court decline to consider Plaintiff's second opposition brief filed on September 15 [Document No. 17]. Plaintiff previously filed an opposition to the Motion to Dismiss on September 8, 2023 [Document No. 9] and raised only procedural objections to Indochino's Motion to Dismiss. Plaintiff's failure to raise any substantive objections to Indochino's Motion to Dismiss in its September 8, 2023 opposition does not permit Plaintiff to now raise those objections in a second opposition.

Plaintiff should not be allowed "two bites at the apple."

## III. INDOCHINO HAS MET ITS BURDEN OF DEMONSTRATING THAT PLAINTIFF'S CLAIMS ARE BARRED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL

In her opposition, Plaintiff admits that the *Ariza* action ended with a "final judgment on the merits," but attempts to argue that the remaining elements for collateral estoppel do not apply: that the issue in the previous proceeding is identical to the one which is sought to be re-litigated and Plaintiff is in privity with the plaintiff in the first proceeding. *See Reese v. Verizon California, Inc.*, No. CV1101934SJOJEMX, 2011 WL 13193421, at *2 (C.D. Cal. Aug. 11, 2011).

Plaintiff has not raised any factual or legal arguments to overcome the fact that the Consent Decree in the *Ariza* action disposes of the need for Plaintiff's action to ensure that Indochino takes "steps necessary to make www.indochino.com readily accessible to and usable by blind and visually-impaired individuals."

### A. This Matter and The *Ariza* Action Involve Identical Issues

Plaintiff has failed to present any factual or legal argument rebutting the fact that her Complaint and the *Ariza* action involve identical issues. Both actions also involve the application of the same factual circumstances (the accessibility of the same website by individuals with visual disabilities) and the same rule of law (the prohibition on discrimination against individuals with disabilities by not providing them full and equal access).

Plaintiff attempts to create a distinction between her claims and the *Ariza* plaintiff by arguing that each plaintiff accessed Indochino's website on different days and from different locations within the Country. Plaintiff merely presents a distinction without a difference. Plaintiff cannot escape the fact that both her and Mr. Ariza accessed the same website (https://www.indochino.com) and both claim that Indochino's website is allegedly inaccessible by visually-impaired individuals. Compare Compl. ¶¶ 2 & 49 with RJN, Ex. C (Ariza Compl.), ¶¶ 21 & 37. It makes

1  no difference whether they accessed the website on different dates or from different
2  states.
3       Both actions arise from the same common claim and seek the same resolution—
4  an order requiring that Indochino "take steps necessary to make www.indochino.com
5  readily accessible to and usable by blind and visually-impaired individuals." Compare
6  Compl. Prayer ¶¶ 2-3 with RJN, Ex. C, p. 17, ¶ B.  There are no accessibility
7  requirements for websites that are unique to California or Florida.  Plaintiffs in both
8  actions sought to ensure that Indochino's website was compliant with the ADA.
9       It is of no consequence that Plaintiff, in this action, seeks statutory damages
10 under the Unruh Act as the purpose of her lawsuit has been accomplished by the
11 Consent Decree.

### B. Rebecca Castillo is in Privity With Victor Ariza

Plaintiff has also failed to present any factual or legal argument rebutting the fact that she is in privity with Mr. Ariza.  Plaintiff does not dispute that both her and Mr. Ariza filed their actions as "civil rights advocates" who test or visit "places of public accommodation to determine their compliance with the ADA."  Compare Compl. ¶ 9 with RJN, Ex. C, ¶ 5.  Plaintiff is in privity with the plaintiff in *Ariza* because both parties have a sufficient commonality of interest – that is, to ensure that Indochino's website becomes fully and equally enjoyable to and usable by visually-impaired persons.

Nevertheless, Plaintiff's opposition argues that she is not in privity with Mr. Ariza.  To support her argument, Plaintiff relies on the *Taylor v. Sturgell* case.  The *Taylor* case is not instructive or relevant to the facts and issues here.  The *Taylor* case involved the appeal of a judgment applying D.C. Circuit law on the doctrine of claim preclusion, as opposed to the doctrine of collateral estoppel/issue preclusion involved in this case. *Taylor v. Sturgell* (2008) 553 U.S. 880, 888 & 898.  In its opinion, the Supreme Court noted that the doctrines of claim preclusion and issue preclusion are

1  different. *Id*. at 893.  The doctrine of claim preclusion precludes successive litigation
2  of the <u>very same claim</u>.  *Id*.  In contrast, issue preclusion bars successive litigation of
3  an issue of fact or law actually litigated and resolve in a prior judgment, <u>even if the
4  issue recurs in the context of a different claim</u>.  *Id*.

5       The latter is at issue in this case therefore, the Court should not rely on the
6  *Taylor* opinion in ruling on Indochino's Motion.  Plaintiff does not cite any Ninth
7  Circuit authority supporting her position.  Applying the relevant Ninth Circuit law, it
8  is clear that Plaintiff is in privity with Mr. Ariza.  Privity exists when there is sufficient
9  commonality of interest.  *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983).
10 Federal courts have deemed certain kinds of relationships "sufficiently close" to
11 justify a finding of privity, including "a non-party whose interests were represented
12 adequately by a party in the original suit."  *Ryu*, No. CV 17-926 DMG (AGRX), 2017
13 WL 5635421, at *2 (C.D. Cal. June 1, 2017).

14       Plaintiff wrongfully argues that her interests were not adequately represented
15 by Mr. Ariza.  In the *Ariza* action, Indochino entered into a Consent Decree agreeing—
16 and being ordered—to undertake reasonable efforts to make the website accessible by
17 implementing the Word Wide Web Consortium's WCAG 2.1 AA as its web
18 accessibility standard – <u>the same relief Plaintiff is asking the Court for in this action</u>.
19 See RJN, Ex. A.

20       The Consent Decree states that it applies to "Third-Party Beneficiar[ies]" which
21 are defined as "all persons who establish that they have a visual disability, as defined
22 by the ADA, that makes them unable to access information on the Website without
23 commercially-available assistive technologies."  See RJN, Ex. A, ¶¶ 14.c.iii & 25.
24 Plaintiff falls into the definition of a "Third-Party Beneficiary" because she is legally
25 blind and requires scree-reading software to read website content using a computer.
26 See Comp., ¶ 1.

27       The Consent Decree also provides procedures for a Third-Party Beneficiary

(such as Plaintiff) to address new or existing claims related to accessibility of Indochino's website or claims that Indochino has not complied with the Consent Decree. RJN, Ex. A, ¶¶ 15-21. Thus, if Plaintiff believes that Indochino has not properly implemented the Word Wide Web Consortium's WCAG 2.1 AA as its web accessibility standard or if its website has any other difficulty accessing information on the website, then she can follow the procedures set forth in the Consent Decree to address those directly with Indochino. The Consent Decree allows Plaintiff to seek relief from the court if Indochino does not comply with the Consent Decree. RJN, Ex. A, ¶ 17.b.

The Consent Decree provides the same relief Plaintiff is asking the Court for in this action, which is the basis for each plaintiff bringing their respective actions as "civil rights advocates" for individuals with visual impairments. For that reason, Plaintiff is in privity with Mr. Ariza and Indochino has established each element necessary to invoke the doctrine of collateral estoppel.

Consequently, the Court should grant Indochino's Motion to Dismiss.

## IV. PLAINTIFF'S OPPOSITION DOES NOT ADDRESS ITS FAILURE TO STATE A CLAIM

In its Motion to Dismiss, Indochino argued that Plaintiff failed to state a claim for violation of the Unruh Act because Plaintiff's claims are no longer "live" and Plaintiff lacks a legally cognizable interest in the outcome of this case. Specifically, Indochino argued that Plaintiff's claims are moot because the Consent Decree resolved the alleged issues that gave rise to Plaintiff's Complaint, *i.e.*, the inability of people with visual impairments to access parts of Indochino's website through the use of screen reading technology.

In opposition, Plaintiff makes the nonsensical argument that her claims cannot be moot because the United States District Court for the Southern District of Florida, which entered the Consent Decree, does not have federal question jurisdiction over

her claims. In support of her argument, Plaintiff cites cases discussing whether removal to federal court based on federal question jurisdiction was proper. That is not at issue in Indochino's Motion to Dismiss. Indochino is not asking the District Court in Florida to rule on the Motion to Dismiss.

Plaintiff cannot amend her complaint to overcome the failure to state a live claim. Accordingly, the Court should grant Indochino's Motion.

## V.   THE CONSENT DECREE IS NOT "ILLUSORY"

Plaintiff erroneously argues that the Consent Decree is "illusory" and, therefore, cannot moot Plaintiff's claims. Plaintiff does not cite any authority in support of her argument. For that reason alone, the Court should reject Plaintiff's argument.

Nevertheless, the Consent Decree is enforceable and does not meet the definition of an "illusory" agreement. A contract is unenforceable as illusory when one of the parties has the unfettered or arbitrary right to modify or terminate the agreement or assumes no obligations thereunder. *Wag Hotels, Inc. v. Wag Labs, Inc.*, No. 20-CV-01326-BLF, 2022 WL 1212012, at *4 (N.D. Cal. Apr. 25, 2022).

First, there is no provision in the Consent Decree that provides Indochino with the "unfettered or arbitrary right to modify or terminate the agreement." The Consent Decree clearly states that "no modification of this Consent Decree shall be effective unless in writing, signed by authorized representatives of all Parties, and approved by the Court." RJN, Ex. A, ¶ 22.

Second, the Consent Decree does not give Indochino "unfettered" discretion whether to comply with the terms of the Consent Decree, as alleged by Plaintiff. The Consent Decree contains a nondiscrimination clause which provides that Indochino "shall use Reasonable Efforts to provide persons with a visual disability (as defined under the ADA) . . . an equal opportunity to participate in or benefit from the goods, services, privileges, or advantages that may be provided through the Website by updating the Website according to the terms herein." See RJN, Ex. A, ¶ 13.

Third, as discussed in section III.B above, the Consent Decree provides the exact relief that Plaintiff is requesting in this case. That is, Indochino agreed to make its website accessible to individuals with disabilities, such as visual impairments, by implementing the Word Wide Web Consortium's WCAG 2.1 AA as its web accessibility standard. Plaintiff cannot argue that the Consent Decree is "illusory" when it provides the exact relief and application of the same accessibility standards she is asking Indochino to implement.

Fourth, the Consent Decree provides Plaintiff with a defined process to seek recourse if she feels that Indochino is not complying with the Consent Decree or providing equal access to the goods, services, privileges, or advantages of its website. That process allows Plaintiff to formally address any accessibility issues directly with Indochino and, if Plaintiff believes Indochino is not adequately addressing those issues, she can seek a Court order enforcing the Consent Decree as a third-party beneficiary. See RJN, Ex. A, ¶¶ 15-21. Plaintiff's illusory argument is clearly contradicted by the plain language of the Consent Decree. Courts need not accept s true allegations that contradict matters properly subject to judicial notice or by exhibit. See Wag Hotels, Inc., 2022 WL 1212012 at *5 (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).

Finally, Plaintiff ignores the fact that the Consent Decree was approved and entered by a United States District Court. See RJN, Ex. B. If the relief agreed to in the Consent Decree was somehow "illusory" the Court would have addressed it before entering the Consent Decree.

For these reasons, the Court should reject Plaintiff's claim that the Consent Decree is illusory.

## VI. CONCLUSION

Indochino respectfully requests the Court grant its Motion to Dismiss because Plaintiff's claims are moot given the Consent Decree entered in the *Ariza* action,

1  which requires Indochino to make its website accessible by implementing the WCAG
2  2.1 AA as its web accessibility standard.  Further, the doctrine of collateral estoppel
3  applies to preclude Plaintiff from relitigating issues that have been finally resolved in
4  another action- *i.e*., Plaintiff's request for an order requiring Indochino to modify its
5  website to ensure it is accessible for individuals with visual impairments.

Dated:  September 22, 2023              SHOOK, HARDY & BACON L.L.P.

                                                By:     /s/ Thomas Wynsma
                                                       TAMMY WEBB
                                                       THOMAS V. WYNSMA
                                                       Attorney for Defendant
                                                       INDOCHINO APPAREL (US) INC.