TAMMY B. WEBB (SBN 227593)
tbwebb@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission St., Suite 2300
San Francisco, CA 94105
Tel: 415.544.1900 | Fax: 415.391.0281

THOMAS V. WYNSMA (SBN 293713)
twynsma@shb.com
**SHOOK, HARDY & BACON L.L.P.**
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546
Tel: 949.475.1500 | Fax: 949.475.0016

Attorneys for Defendant
INDOCHINO APPAREL (US) INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

REBECCA CASTILLO, an individual,

Plaintiff,

vs.

INDOCHINO APPAREL (US) INC., a Delaware corporation; and DOES 1–10, Inclusive,

Defendants.

CASE NO: 2:23-cv-07206 AB(CJx)

**DEFENDANT INDOCHINO APPAREL (US) INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant INDOCHINO APPAREL (US) INC. (Indochino) hereby submits its opposition to Plaintiff Rebecca Castillo's Motion to Remand.

## I. INTRODUCTION

This case was properly removed to federal court based on diversity jurisdiction.

Plaintiff's Complaint unambiguously seeks up to $74,999 in damages plus attorneys' fees. The relevant case law in this District and the Ninth Circuit clearly states that the "amount in controversy" may be calculated by including the maximum amount of civil penalties requested plus future attorneys' fees. Because Plaintiff's attorneys' fees only need to equal $2 to exceed the $75,000 jurisdictional threshold, and Plaintiffs fees to date must be in excess of $2, Indochino has satisfied its burden of demonstrating a reasonable basis for diversity jurisdiction. Accordingly, Indochino requests that the Court deny Plaintiff's Motion to Remand.

If the Court is inclined to grant Plaintiff's Motion to Remand, the Court should deny Plaintiff's request for attorneys' fees because Indochino had an objectively reasonable basis, supported by relevant case law, to remove the case based on diversity jurisdiction.

## II. THIS COURT HAS JURISDICTION OVER THIS CASE BECAUSE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

The damages pled in Plaintiff's Complaint and the relevant case law clearly support Indochino's removal because the amount in controversy exceeds $75,000[1]. Plaintiff's Complaint seeks statutory damages, deterrence damages, injunctive relief, declaratory relief, attorneys' fees and expenses, litigation costs, and pre-judgment interest. Compl., Prayer, ¶¶ 1-10. Although Plaintiff is correct that a plaintiff may try to avoid removal by limited their damages, Plaintiff failed to do so here because she demanded $74,999 exclusive of attorneys' fees.

In support of her Motion, Plaintiff cites two cases where District Courts have remanded cases when the plaintiff limited the amount in controversy to less than $75,000. Those cases are distinguishable from the facts of this case because the plaintiffs in those cases did not seek attorneys' fees in addition to monetary damages.

[1] Plaintiff concedes that there is complete diversity among the Parties. See Motion to Remand, p.4, fn. 2. Plaintiff only disputes the amount in controversy.

In *Brown v. Citibank USA*, the plaintiff's complaint limited monetary damages to less than $75,000 and <u>did not</u> seek punitive damages, statutory damages or attorney's fees. *Brown v. Citibank USA, N.A.*, No. 2:14-CV-07695-CAS, 2014 WL 5810333, at *2 (C.D. Cal. Nov. 7, 2014). Likewise, in *Jackson v. Specialized Loan Servicing, LLC*, the plaintiffs' complaint expressly limited their total damages for all causes of action combined to no more than $75,000, including general damages, special damages, and any other compensation or disgorgement. The complaint also explicitly stated that the plaintiffs were not seeking punitive damages, statutory damages, attorney's fees, or injunctive relief. *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *8 (C.D. Cal. Oct. 31, 2014).

Thus, the *Brown* and *Jackson* cases are not analogous because Plaintiff, here, only limited her statutory and deterrence damages to $74,999; on top of that she <u>also</u> seeks recovery of her <u>attorneys' fees</u>.

Further, Plaintiff improperly argues that the Court should remand the case because Plaintiff does not expect to recover the maximum damages requested in her Complaint and because her attorneys' fees to date "are low and should not contribute much to the amount in controversy." Plaintiff's reasoning is flawed and fails to correctly apply the relevant case law on calculating the amount in controversy.

As discussed in Indochino's removal, the correct method for calculating the amount in controversy is by adding the monetary damages sought, the value of requested injunctive relief, and attorneys' fees. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court <u>must</u> include <u>future</u> attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met") (emphasis added); *Martinez v. Johnson & Johnson Consumer Inc.*, 471 F. Supp. 3d 1003, 1007 (C.D. Cal. 2020) ("[W]here the value of plaintiff's recovery ... is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the

amount in controversy for jurisdictional purposes."); *Park v. Jaguar Land Rover N. Am., LLC*, No. 20-cv-00242-BAS, 2020 WL 3567275, at *6 (S.D. Cal. July 1, 2020) (holding "Defendant's assumption that the amount in controversy includes the maximum amount of civil penalties is reasonable" because "this assumption is founded on the allegations of the Complaint.").

Plaintiff's Complaint unambiguously seeks statutory and deterrence damages up to $24,999 as well as injunctive relief requiring Indochino to "take steps necessary to make www.indochino.com readily accessible to and usable by blind and visually-impaired individuals" up to a cost of $50,000 for a total of $74,999. Compl. ¶ ¶ 50-51 & Prayer ¶¶2-3 & 5-6.

Thus, in order to meet the necessary jurisdictional threshold for diversity jurisdiction, Plaintiff's attorneys' fees would only need to be $2. In her Motion, Plaintiff does not dispute that her fees are in excess of $2. Plaintiff merely states that her attorneys' fees to date "are low and should not contribute much to the amount in controversy." See Motion, p.7:26-27. Plaintiff then cites three cases where courts awarded thousands of dollars in attorneys' fees on remand—well in excess of the $2 minimum required to exceed the $75,000 federal jurisdiction threshold. See Motion, p.7:27-8:6. Although not relevant to calculating the amount in controversy in this action, those cases only support Indochino's argument that Plaintiff's fees are certainly in excess of $2. Plaintiff's Motion to Remand seeks $2,400 in attorneys' fees associated with preparing the 7 page Motion. See Motion to Remand, p.10:22-23. It is more likely than not that Plaintiff's attorneys' fees associated with preparing the 19 page Complaint and related pleadings are well in excess of $2,400.

In sum, based on Plaintiff's own allegations and applying the relevant case law, the available information reveals that the amount in controversy in this case will exceed the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For that reason, the Court should deny Plaintiff's Motion to Remand.

## III. PLAINTIFF SHOULD NOT BE AWARDED ATTORNEYS' FEES BECAUSE INDOCHINO HAD A REASONABLE BASIS FOR REMOVAL

If the Court is inclined to grant Plaintiff's Motion to Remand, Indochino respectfully requests the Court deny Plaintiff's request for attorneys' fees as Indochino removed this case in good faith based upon the amount in controversy apparent from a reasonable reading of the Complaint.

An award of attorneys' fees is discretionary upon remand. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c)(emphasis added). Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005). Absent unusual circumstances, attorney's fees should not be awarded under section 1447(c) when the removing party has an objectively reasonable basis for removal. *Id*. at 136. The test for reasonableness is "whether the relevant case law clearly foreclosed the defendant's basis of removal." *Osby v. Park Pictures, LLC*, No. LACV1606071JAKEX, 2017 WL 374902, at *5 (C.D. Cal. Jan. 25, 2017).

Here, Indochino had an objectively reasonable basis for removal. There is no dispute that there is complete diversity between the parties. See Motion to Remand, p.4, fn. 2. The damages pled in Plaintiff's Complaint along with the relevant case law support Indochino's removal based on the amount in controversy exceeding $75,000.

The relevant case law provides that the "amount in controversy" should be calculated by adding the monetary damages sought, the value of requested injunctive relief, and attorneys' fees. *Fritsch*, 899 F.3d at 794. The amount in controversy may be calculated using the maximum amount of civil penalties found in the complaint. *Park*, 2020 WL 3567275, at *6. Where the potential cost to the defendant of complying with injunctive relief exceeds the amount pled in the complaint, the potential cost to

the defendant represents the amount in controversy for jurisdictional purposes. *Martinez*, 471 F. Supp. 3d at 1007.

Applying the relevant case law to the allegations pled in Plaintiff's Complaint, it is objectively reasonable to conclude that the amount in controversy exceeds $75,000. First, the Complaint alleges that "Plaintiff hereby expressly limits the amount of money such that the total amount Plaintiff seeks [in statutory damages] shall not exceed $24,999." See Comp., ¶ 51. That amount is therefore properly included in the amount-in-controversy.

Second, Plaintiff's Complaint seeks injunctive relief, both preliminary and permanent, requiring that Indochino stop violating the UCRA and that Indochino "take steps necessary to make www.indochino.com readily accessible to and usable by blind and visually-impaired individuals." Compl. Prayer ¶¶ 2-3. The Complaint states that "Plaintiff expressly limits the cost of injunctive relief sought to $50,000 or less." Compl. ¶ 50. That amount is therefore properly included in the amount-in-controversy.

Further, Indochino has historically incurred over $40,000 <u>annually</u> to make its website accessible to individuals with visual disabilities. See Buhler Decl., ¶¶ 7-8. In 2022, Indochino spent over $41,000 to keep its website compliant with the WCAG standards and accessible by individuals with disabilities. See Buhler Decl., ¶ 9. Indochino expects the costs for 2023 and the years that follow to be similar or greater due to advances in technology, inflationary pressures, and related circumstances. See Buhler Decl., ¶ 10. Where the value of plaintiff's recovery is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes. *Martinez v. Johnson & Johnson Consumer Inc.,* 471 F. Supp. 3d 1003, 1007 (C.D. Cal. 2020). Here, the actual cost of complying with the injunction far exceeds the $50,000 cap that Plaintiff attempts to place on the value of injunctive relief.

Third, Plaintiff seeks recovery of attorneys' fees associated with this action. Ad discussed in section II above, Plaintiff's attorneys' fees would need to be only $2 to exceed the $75,000 threshold for diversity jurisdiction. Given Plaintiff's request for $2,400 in fees associated with preparing her Motion to Remand, her total attorneys' fees incurred to prosecute this action to date are certainly well in excess of $2.

Consequently, it is clear that Indochino had an objectively reasonable basis, supported by relevant case law, to remove the case based on diversity jurisdiction. For that reason, Indochino respectfully requests the Court deny Plaintiffs' request for attorneys' fees, if the Court is included to remand the case.

## IV. CONCLUSION

A reasonable reading of the Complaint suggests that the amount in controversy exceeds $75,000. Plaintiff's Complaint demanded up to $74,999 in monetary damages plus attorneys' fees, which Plaintiff does not dispute are currently in excess of $2. It is clear that diversity jurisdiction exists and Indochino had a reasonable basis for removal. For that reason, the Court should deny Plaintiff's motion to remand and request for attorneys' fees.

Dated: October 13, 2023

SHOOK, HARDY & BACON L.L.P.

By: ______________________

TAMMY WEBB
THOMAS V. WYNSMA
Attorney for Defendant
INDOCHINO APPAREL (US) INC.